UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **BILLY DOAN,** | **CIVIL ACTION NO. 6:14-125-KKC** |
| **Plaintiff,** | |
| V. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 11; DE 12). Plaintiff Billy Doan brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief of an administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

The Social Security Act and corresponding regulations provide a five-step sequential process for determining whether a claimant has a compensable disability. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an

>impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
>3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
>4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
>5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)). If, at any step in the process, the administrative law judge ("ALJ") concludes that the claimant is or is not disabled, then the ALJ can complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof through the first four steps of the analysis; and, at step five, the burden shifts to the Commissioner. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). The claimant must, in order to satisfy his burden of proof, provide sufficient facts to find in his favor. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Doan filed his claim for DIB in September 2011, alleging an onset date of September 4, 2010. (Tr. at 161–64.) The agency denied his application initially and on reconsideration. (Tr. at 111–14, 117–19.) Doan requested review by an ALJ, and the ALJ held a hearing on November 13, 2012. (Tr. at 38–77.) The ALJ subsequently issued an unfavorable decision on January 24, 2013. (Tr. at 16–37.) The Appeals Council denied Doan's request for review

(Tr. at 1–6), making the ALJ's decision the final agency decision for purposes of judicial review. *See* 20 C.F.R. § 404.981.

At the time the ALJ rendered his decision, Doan was forty-one years old. He obtained an associate's degree and had previously worked as a hotel manager. (Tr. at 43, 45, 54.) He injured his right foot in a workplace accident in September 2010. (Tr. at 45.) Doan alleges disability due to "diabetes, Still's disease, numbness in [his] feet, vision problems, irritability, paranoia and social problems." (Tr. at 117.) His insured status expires on December 31, 2015. (Tr. at 21.)

At the first step, the ALJ determined that Doan has not engaged in substantial gainful activity since his alleged onset date of September 4, 2010. (Tr. at 21.) At the second step, the ALJ explained in detail Doan's medical and treatment history and determined that Doan suffers from the following severe impairments: dysfunction in major joints, diabetes mellitus, hypertension, and obesity. (Tr. at 21.) The ALJ found that the other alleged impairments, including all mental health impairments, were non-severe. (Tr. at 21–25). At the third step, the ALJ concluded that Doan does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 25.)

Next, the ALJ reviewed the record to determine Doan's residual functioning capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1). In finding Doan's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (1) daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication; (5) additional treatment; (6) additional measures used to relieve symptoms; and

3

(7) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529; SSR 96-4p, 1996 WL 374187 (July 2, 1996); SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ also considered the relationship between Doan and the doctors providing medical opinions; the supportability and consistency of the medical opinions with the entire record evidence; medical specialization; and other opinion evidence. 20 C.F.R. § 404.1527; SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2006); SSR 96-2p, 1996 WL 374188 (July 2, 1996); SSR 96-5p, 1996 WL 374183 (July 2, 1996); SSR 96-6p, 1996 WL 374180 (July 2, 1996).

After reviewing all of the record evidence, the ALJ determined that Doan has the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> He is restricted from pushing or pulling using his right lower extremity. He is occasionally able to reach overhead bilaterally. He is restricted from climbing, kneeling, crouching and crawling. He is frequently able to balance. He is occasionally able to stoop. He is restricted from all exposure to vibration and hazards.

(Tr. at 25.)

The ALJ continued to the fourth step and determined that Doan could not perform any past relevant work.

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Doan can perform and, thus he is not disabled. (AR at 30).

## III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). "'The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision[ ]makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

## IV. ANALYSIS

Doan presents two issues for review. First, he argues that the ALJ erred in analyzing his physical and mental conditions under the Listed Impairments. Second, Doan asserts that the ALJ erred in establishing his RFC.

> 1. *The ALJ did not err in analyzing Doan's physical and mental disabilities under the Listed Impairments.*

At the third step in the disability evaluation process, the ALJ must determine whether a claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P ("Listed Impairments"). *Rabbers*, 582 F.3d at 652; 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). The Listed Impairments describe impairments that the Commission considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 404.1525(a). Therefore, if a claimant meets or equals one of the listings, the claimant "will be deemed conclusively disabled[] and entitled to benefits." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

In determining whether a claimant's impairments meets or equals one of the Listed Impairments, the ALJ must evaluate the entire medical record, consider the combined

effect of the claimant's impairments, and compare the medical evidence with the requirements for listed impairments. *See Reynolds*, 424 F. App'x at 415; *Lankford v. Sullivan*, 942 F.2d 301, 306 (6th Cir. 1991). "An impairment or combination of impairments will be deemed medically equivalent to a listed impairment if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments most like the claimed impairment." *Dorton v. Heckler*, 789 F.2d 363, 366 (6th Cir. 1986); 20 C.F.R. § 404.1526(b). But "[i]t is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

     *A. Physical Impairments*

In this case, the ALJ found that Doan had the following severe physical impairments at Step Two: "dysfunction in major joints, diabetes mellitus, hypertension, and obesity." (Tr. at 21.) However, he determined at Step Three that Doan did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. at 25.) The ALJ explained that Doan did not meet Listing 1.02 ("Joint dysfunction") because "there is no evidence of involvement or one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, or involvement of one major peripheral joint to each upper extremity (i.e., shoulder, elbow or wrist-hand), resulting in inability to perform fine and gross movements effectively." (Tr. at 25); *see also Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (noting the requirement that an ALJ properly explain his or her findings at step three). In his motion, Doan has not identified which listing he believes his physical impairments meet, and, as a result, he has not provided an explanation of how his impairments met or medically equaled a listing. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (holding that the claimant bears the burden

6

through step four of the sequential evaluation process). However, assuming Doan is arguing that he meets the listing discussed by the ALJ—Listing 1.02—he has not established that his impairments satisfy or medically equal this listing.

Listing 1.02 is as follows:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.02. "Inability to ambulate effective means an *extreme* limitation of the ability to walk," which is generally defined as having such "insufficient lower extremity functioning" that a person cannot independently ambulate "without the use of a hand-held assistive device(s) that limits the functioning of *both* upper extremities . . . ." *Id.* § 1.00(B)(2)(b)(1) (emphases added).

Here, Doan has presented no evidence that he was so impaired. Although he argues that the report of orthopedist David, Muffly M.D., shows that he meets a listing, Dr. Muffly's report states that Doan would walk with a foot brace and a single cane. (Tr. at 635); *see Elam*, 348 F.3d at 125 ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment."). Further, Doan's ability to ambulate effectively is supported by substantial evidence because his examinations consistently find that he is able to ambulate with only a walking boot, or a walking boot and single cane. (*See* Tr. at 376-77; 502–04; 513; 600; 612; 635). Finally, Doan's reliance on the deposition testimony of Lisa DeGnore, M.D., is unpersuasive because that evidence was not part of the record

7

before the ALJ or the Appeals Council. *See* 42 U.S.C. § 405(g) ("The Court shall have power to enter, upon the pleadings and *transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . ." (emphasis added)). Accordingly, the Court finds that substantial evidence indicates that Doan does not satisfy Listing 1.02. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009).

### B. Mental Impairments

In the instant case, the ALJ determined at Step Two that Doan's medically determinable mental impairment of depressive disorder was non-severe (Tr. at 22–25), so he did not address any Listed Impairments for mental conditions. Doan, however, argues that the ALJ erred by not finding that his mental condition meets the criteria for Listing 12.04 ("Affective disorders") and Listing 12.06 ("Anxiety related disorders"). At Step Three of the evaluation process, it is the burden of the claimant to show that he meets or equals the listed impairment. *See Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir. 1987). "When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) (citing *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987)).

The Listings for most mental disorders consist of three parts: a set of clinical findings (paragraph A criteria); a set of functional limitations (paragraph B criteria); and additional functional criteria (paragraph C criteria). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. To meet either Listing 12.04 or Listing 12.06, an individual's impairments must satisfy both the A criteria and the B criteria. 20 C.F.R. Part 404, Subpart P, Appendix

8

1 §§ 12.04, 12.06.[1] Doan argues that he has met the A criteria, but he does not address the B criteria. (DE 11 at 15–16.)

Even assuming that Doan could meet the A criteria, he has not shown that he satisfies the B criteria. The B criteria requires "a showing of at least two of the following functional limitations: 1) a marked restriction of activities of daily living, 2) marked difficulties in maintaining social functioning, 3) marked difficulties in maintaining concentration, persistence, or pace, or 4) repeated episodes of decompensation, each of extended duration." *Rabbers*, 582 F.3d at 653; 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 12.04(B), 12.06(B). The ALJ considered these factors at Step Two as part of his determination that Doan did not have a severe mental impairment. (Tr. at 24–25.) He found that Doan had no limitations in activities of daily living; mild limitations in social functioning; mild limitations in concentration, persistence or pace; and no episodes of decompensation. (Tr. at 24–25.)

Plaintiff has not identified any medical opinion evidence supporting a finding that he meets the B criteria of Listings 12.04 and 12.06. Rather, he relies on his hearing testimony and his "continuous treatment at Comp Care." (DE 11 at 15–16.) Doan's hearing testimony is not objective evidence that can be used to establish whether he met or medically equaled a Listing. *See* SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("In most cases, the requirements of listed impairments are objective, and whether an individual's impairments manifests these requirements is simply a matter of documentation."); SR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (indicating that whether a claimant met or equals a listing is determined "on the basis of medical factors alone"); SSR 96-7p, 1996 WL 374186,

---

[1] A claimant can also satisfy Listing 12.04 if he meets the C criteria, and he can satisfy Listing 12.06 if both the A criteria and the C criteria are met. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.04, 12.06. However, Doan has not argued the C criteria as an alternative basis for why he satisfies Listing 12.04 and Listing 12.06, so the Court will not address the C criteria. *See Rabbers*, 582 F.3d at 653 n.6.

at *9 n.4 (July 2, 1996) ("[T]he adjudicator will not substitute allegations of pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of the individual's impairment(s) to that of a listed impairment."). Second, by his own testimony, Doan was not treated for his alleged mental impairments at "Comp Care." (Tr. at 24–25, 53.)

Finally, to the extent that Doan is relying upon the findings of Dennis Sprague, M.D., who diagnosed Doan with major depressive disorder, anxiety disorder, a pain disorder, and borderline intellectual functioning (Tr. at 678–87), Dr. Sprague did not address whether Doan met the B criteria. Moreover, the ALJ discounted Dr. Sprague's opinion that Doan was moderately to markedly impaired in his ability to handle work-related stress because the evidence as a whole did not support his finding that Doan would not mentally perform work. (Tr. at 24); *see Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994) (explaining that the ALJ is not bound by opinions "when there is substantial medical evidence to the contrary"). As noted by the ALJ, Dr. Sprague's opinion is inconsistent with other substantial record evidence, such as the opinion of consultative examining psychologist Timothy Baggs, Psy. D., who evaluated Doan and ruled out depressive disorder and determined he had a GAF score of 70-71. (Tr. at 515.) While noting a concern for malingering, Dr. Baggs opined that Doan had the ability to understand and follow simple instructions, was capable of maintaining sustained concentration and persistence in the completion of tasks, and had mild to moderate difficulty in his ability to relate to others. (Tr. at 515–16.)[2] State agency psychological consultant Patricia Clark, Psy.

---

[2] The ALJ discounted Dr. Baggs opinion that Doan was capable only of performing simple, repetitive tasks because this finding was not supported by corroborating evidence and because Dr. Baggs failed to discuss how his concern for malingering factored into his findings. (Tr. at 23). In any event, the ALJ asked the VE whether Doan could perform work if the RFC was changed to include a limitation of only performing simple, repetitive tasks, and the VE testified that Doan would indeed be able to work with that additional restriction. (Tr. at 74.)

10

D. reviewed the record and opined that Doan had mild restrictions in social functioning and concentration, persistence and pace; but no restrictions in daily activities and no episodes of decompensation. (Tr. at 23, 84.) State agency psychological consultant Jane Brake, Ph. D., also reviewed the record and found Doan to be moderately impaired in social functioning and concentration persistence and pace, but with no restriction in daily activities and no episodes of decompensation (Tr. at 23, 99–100.) Given the consistency in the medical opinions in the record that Doan's mental impairments caused no more than moderate functional limitations, it was appropriate for the ALJ to discount Dr. Sprague's findings. In any event, Dr. Sprague's opinion does not support a finding that Doan meets or medically equals Listing 12.04 or Listing 12.06 because Dr. Sprague did not address the B criteria (or the A criteria). Therefore, Doan has not fulfilled his burden of showing that he meets or medically equals Listing 12.04 or Listing 12.06.

*2. The ALJ did not err in establishing Doan's RFC.*

RFC is an administrative finding of an individual's ability to perform work-related activities, and establishing the claimant's RFC is a decision reserved for the Commissioner. *See* 20 C.F.R. § 404.1545(a); SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); *see also Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (holding that RFC is not meant to describe physical maladies, but residual abilities). The Commissioner's assessment is based upon all of the relevant medical evidence and other evidence in the record, including the claimant's testimony. 20 C.F.R. § 404.1545(a)(3).

Doan argues that there are "simply no jobs" consistent with the restrictions in Dr. Muffly's report, which he asserts included the limitation that Doan "be able to lie down to obtain relief and to change positions every 30 minutes." (DE 11 at p. 17.) However, Dr. Muffly did not include any such restrictions in his report. (*See* Tr. at 634–39.) Instead, Dr. Muffly opined that Doan could return to work with the following restrictions: short distance

11

walking, maximum lifting and carrying of 10 pounds, and no stair climbing, kneeling, or squatting. (Tr. at 636, 639.) These restrictions are consistent with the ALJ's RFC finding, which limited Doan to sedentary work, with restrictions from climbing, kneeling, crouching, and crawling. (Tr. 25); 20 C.F.R. § 404.1567(a) (defining sedentary work to, *inter alia*, involve lifting no more than 10 pounds at a time). Thus, Doan's claim that Dr. Muffly's report undermines the RFC is unpersuasive.

Doan also claims that "[b]ased on the Administrative Law Judge's findings and the medical records presented in this case, it is clear" that he cannot work. (DE 11 at p. 17.) Doan, however, has failed to identify the ALJ's findings or the medical records on which he relies. Because he has failed to meaningfully develop this argument, he has waived it. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).

## V. CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 11) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously.

Dated September 22, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY